# JEROME A. BALLAROTTO
### ATTORNEY AT LAW

Member New Jersey
and Florida Bars
Reply to: New Jersey

**SENTENCING MEMORANDUM**
**U.S. V. DANIEL RIVAS – CRIM. NO. 17-492**

February 26, 2019

Honorable Valerie E. Caproni, U.S.D.J.
United States District Court for
the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: United States v. Daniel Rivas
    Crim. No. 17-492

Dear Judge Caproni:

Counsel for Daniel Rivas submits this sentencing memorandum in the above captioned case in an effort to assist this Court in arriving at a "particularized sentence" that best fits Mr. Rivas' situation.

Both myself and Mr. Rivas have had an opportunity to fully review the Presentence Report as well as the letter from Assistant United States Attorney Andrea Griswold in which she has advised the Court that she intends to file a motion pursuant to Section 5K 1.1 of the U.S. Sentencing Guidelines at the time of Mr. Rivas' sentencing. In the nine (9) page letter provided by Assistant United States Attorney Griswold, she outlines in detail the facts of the case as well as the substantial

assistance provided by Mr. Rivas in no less than three (3) additional cases. Assistant United States Attorney Andrea Griswold also discusses the 5Kl.1 factors that I suggest to Your Honor clearly establish that Mr. Rivas has provided substantial assistance, reliable cooperation and acted in a timely manner. Under all of these conditions I suggest to Your Honor that a 5K1.1 downward departure motion for Mr. Rivas is appropriate. There is no need for me to go into the details again; I refer Your Honor to the 5K letter submitted by Assistant United States Attorney Griswold.

## THE PRESENTENCE INVESTIGATION REPORT

A thorough Presentence Investigation Report was conducted in this case. The report reveals that Daniel Rivas was an investment banker in the advisory arm of a global bank with offices in New York. He admitted to making prohibited, unauthorized disclosure of confidential information to friends. As a result, these friends took advantage of the information he provided and made investments in the market.

Mr. Rivas has no objection to the Guidelines computations as contained in the Presentence Investigation Report, which reveal that his Total Offense Level is 25. He has no criminal history, and therefore, is in Criminal History Category I, which places him in a Sentencing Range of 57 to 71 months.

The Presentence Investigation Report reveals that Mr. Rivas is a naturalized United States Citizen who was born in the Dominican Republic in 1984. Mr. Rivas came from humble beginnings in the Dominican Republic and worked very hard to get an education and be successful. Mr. Rivas is still very close to his family and his siblings who live in New York City. He seems to be in very good health and he is dating

a woman who he expects to marry sometime in the near future. The Presentence Investigation Report confirms the information given by Mr. Rivas to the United States Attorneys Office, that while he disclosed confidential information to friends, he received very little or virtually nothing in return. It was a foolish mistake that he will have to live with for virtually the rest of his life, but I suggest Your Honor that it will never happen again.

## SENTENCING

Since the decision of the United States Supreme Court in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are now "effectively advisory." *Id.*, at 245. The Sentencing Guidelines are now but one of seven factors to be considered in fashioning a sentence. *United States v. Ameline*, 400 F.3d. 646, 655, reh. en banc, 409 F.3d. 1073 (9th Cir. 2005) (advisory Sentencing Guidelines range is "only one of many factors that a sentencing judge must consider in determining an appropriate individual sentence"). See also, *United States v. Myers*, 353 F.Supp.2d. 1026, 1028 (S.D. Iowa, 2005). Each of the § 3553(a) factors is "an expression of our society's multiple interests in sentencing an individual." *Id.*

Attached to the end of the Presentence Investigation Report are the Sentencing Recommendations of the U.S. Probation Department. I suggest to Your Honor that these recommendations are precise and completely accurate. Mr. Rivas made an egregious mistake, but he reacted quickly to make amends for his conduct. His quick and complete cooperation with the Government was critical to the prosecution of the tippees in this case. As a result, the U.S. Probation Department recommends to Your Honor a sentence of time served and one (1) year of supervised release, with

mandatory and standard conditions. I suggest to Your Honor that the recommendation by the U.S. Probation Department, in light of the 5K1.1 motion provided by the Government and 18 U.S.C. 3553(a) factors as they are applied to Mr. Rivas, warrant a sentence of time served and one (1) year of supervised release.

Respectfully submitted,

Jerome A. Ballarotto, Esq.
143 Whitehorse Avenue
Trenton, New Jersey 08619
(609) 581-8555
Counsel for Defendant Daniel Rivas

JAB:abp
cc: Andrea M. Griswold, Assistant United States Attorney